FREDERIC BEGGS, complainant,

*v.*

WILLIAM WISHNACK et al., defendants.

[Decided July 2d, 1923.]

The failure of a seller of machinery to deliver machinery at the times specified in the contract because of labor troubles, and the refusal of the assignee of the buyer to accept subsequent deliveries because of depression in the market of goods to be manufactured, does not deprive the assignor of the right to receive the moneys to which he would have become entitled upon the full performance of the sales contract.

On bill of interpleader. On pleadings and proofs.

*Mr. William B. Gourley* and *Mr. Albert Comstock*, for the defendant Walter R. Miller.

*Mr. Merrill Lane* and *Messrs. Eichmann & Seiden*, for the defendant William Wishnack.

LEWIS, V. C.

The defendant Walter R. Miller made a contract with the Atwood Machine Company, by which certain machinery was to be sold to Miller, one-third to be delivered in December, 1919, one-third in February, 1920, and one-third in April, 1920. Miller assigned the contract to the defendant William Wishnack, and under the terms of the arrangement between Miller and Wishnack, Miller was to be paid a sum varying between $40,000 and $41,600; the sum of $8,000 was paid on account; the balance of this amount was deposited with the complainant, Frederic Beggs, to be paid to Miller from time to time as deliveries were made to Wishnack under the Atwood company contract. When the Atwood company learned that Miller had assigned the contract to Wishnack, they canceled it, claiming that the contract was not transfer-

able, and that the assignment by Miller gave them the right to cancel the contract. Thereupon Miller and Wishnack formed a co-partnership, which appears to have been immediately dissolved. The articles of agreement and the dissolution papers were prepared by the complainant, who represented Miller. Thereupon Miller notified the Atwood company that he had assigned the contract to Wishnack, but that he had taken Wishnack into partnership with him, and that they desired to have it reinstated. The Atwood company then executed a new contract with the partnership, which seems to have corresponded with the original contract in its terms, except that the dates for the delivery of the machinery were extended. Now, owing to labor troubles the Atwood company were unable to make deliveries to Wishnack at the times provided in the contract, and later on the Wishnacks refused to accept delivery. Meantime, the silk market had suffered a great depression, and the desirability of this machinery, at the prices fixed in the contract, was gone. Wishnack, shortly after the transaction had been completed between him and Miller, felt that Miller had not dealt with him squarely, and went to the complainant and demanded the return of the money which had been paid. He was informed that Miller had already taken the money to the extent of the $8,000 paid in the first instance, and Miller then told Wishnack that he would have to stand by him in the statement he had made to the Atwood company regarding the formation of the partnership, or that Wishnack would lose the $8,000 that he had already advanced. When it became apparent that the deliveries were not to be made and received under the contract, Miller, who claimed that he had carried out his part of the contract with Wishnack, demanded of the complainant the payment to him of the moneys that still remained in his hands under the arrangement already referred to; and Wishnack, in turn, notified complainant that the money should not be paid to Miller but should be returned to him (Wishnack). Complainant thereupon filed the present bill of interpleader, making Miller and Wishnack defendants

therein, and the defendants have filed their claims setting up their respective rights to the fund, in accordance with the practice.

The rights of Wishnack and the Atwood Machine Company under the contract are not in issue in the present bill, and the sole issue to be determined between the respective claimants is in respect to the disposition of the funds which had been deposited with the complainant, and which Miller claims he is entitled to, and to which Wishnack also makes claim.

Wishnack, who, by the assignment, was to receive the machinery, was eager to have the benefit of the contract. Afterwards, because of the depression in the silk trade, the machinery became a drug on the market, and the price declined, and Wishnack wanted to get out of his agreement. For this reason Wishnack held off deliveries under the contract, and then refused to take, claiming that the Atwood company had not performed according to the terms of the agreement. This, in my opinion, could not operate to defeat the right of Miller to receive the moneys to which he would have become entitled upon the full performance of the contract. *Hinds* v. *Henry, 36 N. J. Law 328.*

I will therefore advise a decree directing that the fund interpleaded be paid to the defendant Miller.